| | |
|---|---|
| 1 | **ASHETON B. CALL, P.C.** |
| 2 | **2950 North Dobson Road, Suite #6** |
|   | **Chandler, Arizona 85224** |
| 3 | **Asheton B. Call #016872** |
|   | **Telephone (480) 969-7999** |
| 4 | **Facsimile (480) 892-6015** |
|   | **acall@callbklaw.com** |
| 5 | |
| 6 | **Attorneys for Debtor** |

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| In re: | ) | In Proceedings Under |
|---|---|---|
| | ) | Chapter 7 |
| JASON WILLIS EPPERSON, | ) | |
| # XXX-XX-8805 | ) | Case No. 2-09-bk-01534 PHX CGC |
| | ) | |
| | ) | **DEBTOR'S RESPONSE TO THE UNITED** |
| | ) | **STATES TRUSTEE'S MOTION TO** |
| | ) | **DISMISS PURSUANT TO 11 U.S.C.** |
| | ) | **§707(b)(2) or §707(b)(3)** |
| Debtor. | ) | |

Debtor JASON WILLIS EPPERSON, (Debtor), by and through counsel undersigned hereby responds to the United States Trustee's (UST) Motion to Dismiss Pursuant to 11 U.S.C. §707(b)(2) and §707(b)(3). Debtor's Response is supported by the attached Memorandum of Points and Authorities.

DATED this 26th day of May 2009.

                                            **ASHETON B. CALL, P.C.**

                                            By /s/ ABC #016872
                                                For the Firm

# MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND

The UST's Motion to Dismiss Under §707(b)(2) is premised on the assertion that Debtor's roommate's income has not been included in its entirety. This is true, but certainly provides no basis for dismissal. Although the Debtor and his Roommate form a household, their finances are not integrated. Although they have resided together off and on for several years, the Debtor and his Roommate have maintained completely separate finances. The Debtor is not even certain exactly how much his Roommate's income is. They have no financial accounts together, own no property in common, and neither is legally obligated for the debts of the other.

Further, his Roommate has not agreed to pay any of the Debtor's obligations, and has no intention of doing so. The Debtor receives only what financial assistance his Roommate decides to give, and nothing more. Prior to the Debtor's bankruptcy, the monthly assistance provided the Roommate was $900.00 per month. This number is utilized on the means test and was listed on the originally-filed Schedule I. Recently his Roommate has reduced the amount of the contribution. The present amount is $250.00 per month.

The Roommate has his own financial objectives, which include purchasing his own home. As previously stated, he has no legal obligation or intention of assisting the Debtor to resolve his debts, and once a home is purchased by the Roommate, even the $250.00 contribution is likely to end. Even with the $900.00 contribution from his Roommate, the Debtor's financial situation was tenuous. At $250.00 in monthly contributions from his Roommate, the Debtor cannot fund a Chapter 13 Plan.

Ultimately, the only rational reason the UST would want to dismiss the Debtor's Chapter 7 proceeding would be if the Debtor has the ability to pay back some portion of his debt. The following analysis will show that the Debtor does not have the financial resources available to him to fund a Chapter 13 Plan.

# §707( b)(2) ANALYSIS

I. <u>The appropriate contribution of the Roommate for means test purposes is only that portion used for the household expenses of the Debtor or the Debtor's dependents.</u>

The leading on-point case for this issue is <u>In re Ellringer</u>, 370 B.R. 905 (Bankr. Minn., 2007). As in the case at bar, that case arose from the UST's Motion to Dismiss pursuant to 11 U.S.C. §§707(b)(2) or 707(b)(3). Similarly, the relevant issue concerned the appropriate contribution amount from the roommate to be listed on the means test.

The Court stated that current monthly income, as defined at 11 U.S.C. §101(10A)(B) "includes any amount paid by an entity other than the debtor…. on a regular basis for the household expenses of the debtor or the debtor's dependents." <u>Id.</u> The Court then determined that, based on the 11 U.S.C. §101(10A) definition, that to the extent that the roommate's contributions were used to support the debtor, the contribution must be included in the debtor's current monthly income. <u>Id.</u>

The Court reasoned that the remainder of the roommate's contributions are excluded because the roommate was not the debtor's dependent, and the statute does not require income to be included from a third-party that is used to support a non-dependent. <u>Id.</u>

Applying this reasoning to the case at bar, arguably the Debtor is not required to list the $900.00 contribution on line 8 of the means test at all, because he is not a dependent of the Roommate, and the statute does not require income be included from a third-party (the Roommate) that is used to support a non-dependent (the $900.00 is actually used by the Debtor for the Roommate, a non-dependent of the Debtor to cover some of the Roommate's household expenses, such as food or utilities).

As in the present case, the UST in <u>In re Ellringer</u> argued that if the debtor's household includes the roommate, then the roommate's entire income should be counted. However, the Court, in rejecting that premise, pointed out that "the statute only requires that the debtor include income provided by a

person other than the debtor for support of the debtor or the debtor's dependents. Id. "Besides the sources of income included in the definition of 'current monthly income', only the income of a debtor's spouse is included as part of the means test calculation. See 11 U.S.C. §707(b)(7)(A)." Id. at 911 and 912. The Court reasoned that as the debtor was not married to her roommate, she was not required to include any income earned by the roommate and used by the roommate to support herself. Id. at 912.

Applying the above reasoning to the present case, since the Debtor and his Roommate are not married, and the $900.00 contribution monthly to Debtor was then used by the Debtor to cover living expenses incurred on behalf of the Roommate anyway, arguably the $900.00 is not required to be listed as part of the line 8 amount on the means test. However, the Debtor has included the $900.00 in the line 8 total, and still passes the means test.

II. The UST's Means Test Review.

Concurrent with the filing of the Debtor's Response to the UST's Motion to Dismiss, the Debtor has filed an Amended Means Test. Regarding the UST's means test review as referenced in the UST's Motion to Dismiss, the Debtor disputes the UST's allegations in paragraph 8 of its Motion that the Debtor has understated his income, because there is nothing in the means test that requires the Roommate's entire income to be counted. Along with a $150.00 contribution from a former roommate, Debtor has included the $900.00 contribution from the present Roommate on line 8, although In re Ellringer appears to indicate inclusion of the $900.00 is unnecessary. See legal arguments, supra.

As to paragraph 9 of the UST's Motion to Dismiss, the Debtor has declined to change line 25 of the means test, because the UST's number appears to be a projection that assumes the Roommate's entire income will be included, and therefore his full tax liability. For reasons discussed supra, the Roommate's full income is not required to be listed. The Debtor has added the $289.00 as suggested to line 24 of the means test. Although the Debtor believes he could provided appropriate documentation for the line 37 means test home energy costs, in order to facilitate resolution of the UST's Motion to

Dismiss, the Debtor will for the present time remove this claimed expense. The Debtor also adjusts the overstated vehicle payment on line 42 of the means test to the UST's figure of $537.00.

Despite the changes made, the Debtor still passes the means test, as his current monthly income reduced by allowed deductions, and multiplied by 60 is not equal to or greater than 25% of the non-priority unsecured claims or $6,575.00, whichever is greater, and is less than $10,950.00. 11 U.S.C. §707(b)(2).

Therefore, the UST's Motion to Dismiss under 11 U.S.C. §707(b)(2) is unfounded and the Debtor requests that the Motion be denied.

### §707(b)(3) ANALYSIS

If the UST's premise as asserted in its Motion to Dismiss is that the primary factor in determining abuse under the totality of the circumstances analysis is the ability to repay his debts, the Court need look no further than the Debtor's Schedules I and J. His income is not understated as the UST asserts in paragraph 16 of its Motion because the Debtor has no access to his Roommate's income, and receives only a small monthly contribution.

The Debtor, concurrent with filing this Response, has amended Schedule I to reflect the recent reduction in Roommate's contribution to $250.00, and a net increase in payroll deductions. Debtor has also amended Schedule J to reflect some reduced expenses for food, car insurance, telephone and second mortgage, and to provide an estimated payment for priority 2008 tax liability. The amendments to Schedule I resulted in a decrease of $786.16 to average monthly income, and the changes to Schedule J resulted in a drop of $172.00 to average monthly expenses. Schedule I minus Schedule J results in a monthly net income of negative $610.06, leaving the Debtor unable to fund a Chapter 13 Plan.

As the Debtor cannot fund a Chapter 13 Plan, the UST's Motion to Dismiss Under 11 U.S.C. §707(b)(3) should be denied.

WHEREFORE, the Debtor respectfully asks this Court for its order denying the United States Trustee's Motion to Dismiss under both 11 U.S.C. §707(b)(2) and 11 U.S.C. §707(b)(3).

RESPECTFULLY SUBMITTED this 26th day of May 2009.

**ASHETON B. CALL, P.C.**

By /s/ ABC #016872
For the Firm

Copies of the foregoing mailed this
26th day of May 2009 to:

Christopher J. Pattock
Office of the U.S. Trustee
230 North First Avenue, #204
Phoenix, Arizona 85003

David M. Reaves, Trustee
P.O. Box 44320
Phoenix, Arizona 85064-4320

/s/ Carla Webb